UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:16-CR-231 |
| Plaintiff, | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. 28] |
| TARUN GUPTA, | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 13, 2017, Defendant Tarun Gupta filed an emergency motion to modify his sentence.[1] Claiming deteriorating health, Defendant Gupta moves the Court to reduce his sentence to time served, or, in the alternative, to allow Gupta to complete his sentence in home confinement.[2]

Defendant Gupta has served approximately five months of his twenty-two month sentence.[3] He is scheduled to be released on September 9, 2018.[4]

Defendant Gupta suffers from a variety of health problems, including elevated potassium levels that could lead to a cardiac episode.[5] Gupta and his physicians worry that FCI Morgantown, where Defendant Gupta is currently incarcerated, cannot provide a diet that both addresses Gupta's health problems and conforms with his Hindu faith.[6]

---

[1] Doc. 28.
[2] *Id*. at 1.
[3] Doc. 18 (noting Defendant should surrender to the United States Marshals on February 6, 2017).
[4] https://www.bop.gov/inmateloc/
[5] Doc. 28 at Exs. A-D.
[6] *Id*. at 1.

Case No. 1:16-CR-231
Gwin, J.

The Government opposes Gupta's motion.[7] The Government argues that because Defendant Gupta timely appealed his case to the Sixth Circuit and because the appealed case has not yet been remanded, this Court lacks jurisdiction over the case.

The "traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals."[8] Defendant Gupta argues the rule does not apply here pursuant to *Jago v. U.S. Dist. Court, N. Dist. of Ohio, E. Div. at Cleveland*.[9]

But in that case, the Sixth Circuit considered whether the district court could release a habeas petitioner on bail pending appeal when the district court had issued "a final judgment that [the petitioner's] trial did not meet constitutional standards of fairness."[10] Defendant Gupta is not in the same position.

Even if the Sixth Circuit's reasoning in *Jago* translated to this case and we exercised jurisdiction on the merits,[11] Gupta is still without recourse.

This Court's jurisdiction to modify Gupta's sentence is limited. Defendant Gupta argues that pursuant to 18 U.S.C. §3582(c)(1)(A)(i), he is entitled to a sentence reduction because "extraordinary and compelling reasons warrant such a reduction."[12]

Defendant Gupta ignores, however, an important precursor to the Court's ability to reduce a sentence on those grounds. Under 18 U.S.C. § 3582(c)(1)(A)(i), "[t]he court may not

---

[7] Doc. 29. Defendant Gupta replies. Doc. 30.
[8] *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) (citing *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993)).
[9] Doc. 30 at 1-2 (citing 570 F.2d 618 (6th Cir. 1978)).
[10] *Jago*, 570 F.2d at 622.
[11] In *Jago*, the Sixth Circuit reasoned that "the physical welfare of the petitioner is the responsibility of the district court during the appeal and if the question of his custody does not affect the merits of the appeal itself, it is not unreasonable to believe that there is a retained power in the district court to aid the appeal by undertaking that responsibility, at least in the absence of its exercise by an appellate court." *Id*. One might argue that the same theory applies here—the merits of Defendant Gupta's appeal concerns a technical sentencing question, not Gupta's health.
[12] Doc. 28 at 2.

Case No. 1:16-CR-231
Gwin, J.

modify a term of imprisonment" for "extraordinary and compelling reasons" unless "*upon motion of the Director of the Bureau of Prisons* . . . ."[13] The Sixth Circuit has held that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons."[14]

The Bureau of Prisons ("BOP") has not made a motion on behalf of Defendant Gupta. It is within the BOP's discretion to make such a motion and the Court cannot command the BOP to do so.[15]

However, the Court encourages the BOP to consider Defendant Gupta's case. The BOP might move the Court to transfer Defendant Gupta to a medical facility or ask for compassionate release.

For the above reasons, the Court **DENIES** Defendant Gupta's motion to modify his sentence.

IT IS SO ORDERED.

Dated: July 19, 2017                              *s/       James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[13] 18 U.S.C. §3582(c)(1)(A)(i) (emphasis added).
[14] *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing 18 U.S.C. § 3582).
[15] *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (holding that the BOP has "broad discretion in its decision to move the court for a sentence modification under § 3582(c)(1)(A)(i)" and federal courts have no "authority to review or countermand" the BOP's decision).